No. 6036.

THE GULF, COLORADO & SANTA FE RAILWAY COMPANY *v.*
JAKE JOHNSON

1. DAMAGES FOR DESTROYING GAMING IMPLEMENTS.—In absence of allegation and proof that the "wheel of fortune," an instrument used for gaming purposes, was being used for illegal purposes at the time or before the injury complained of, an action lies for such injury to it.

2. FACT CASE.—See facts not supporting the amount of the verdict.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

Johnson filed this suit against appellant in the district court of Tarrant county, September 8, 1884. He alleged that he was lessee of a building, and that without his consent defendant fastened a wire to secure a telegraph pole, in a brick wall on the roof of the building, which caused a part of the wall to fall. The falling of the wall during a heavy rain caused the plaintiff's rooms to be flooded with water, whereby injury was

done to the paper on the walls, the carpets and to certain gam-
ing tables and implements in the rooms. Judgment was ren-
dered for plaintiff June 9, 1886, for seven hundred and fifteen
dollars. Motion for new trial was made and overruled July 5,
1886, upon plaintiff entering a remittitur, reducing the judg-
to four hundred and seventy-five dollars.

The defendant appealed.

The additional matters necessary are set out in the opinion.

*Shepard & Miller,* for appellant: 1. Gaming, keeping a
gaming house and the use of gaming tables and implements
are prohibited by law, and plaintiff had no right of action for
injury done to property used for such purposes under the facts
of this case. (McGrath v. Merwin, 112 Mass., 467; Myers v.
Meinrath, 101. Mass., 366; Stanton v. Railway, 14 Allen, 485;
Hamilton v. City of Boston, 117 Mass., 64; Cratty v. City of
Bangor, 57 Me., 423; same case, 2 Am. Rep., 56; Johnson v.
Town of Irasburg, 47 Vt., 28; same case, 19 Am. Rep., 111;
Cooley on Torts, 151-156; Welch v. Wesson, 6 Gray, 505; Green-
hood on Public Policy, 43, citing Kitcher v. Greenbaum, 61
Mo., 110.)

2. The judgment was excessive. (3 Sutherland on Dam-
ages, 447; Sedgwick Meas. Dam., side p. 549; 6 ed., 691; Du-
bost v. Beresford, 2 Camp, 511.)

*Ball & McCart,* for appellee: Insisted that plaintiff in law
can recover for damage done to a wheel of fortune, provided
the wheel of fortune did not in any degree contribute to the
injury complained of. (Cooley on Torts, pp. 155–157, and cases
cited; Eschberry v. Leiville, 2 Hilton, 40; Sutton v. Wannetosa,
29 Wis., 21; Baker v. Portland, 58 Maine, 199· Hockford v. R.
R., 53 N. Y., 654.

HOBBY, JUDGE. Appellant's first and second assignments of
error deny the right of appellee to recover in this action, under
the averment in his petition that "said paper and carpet was
injured, and his said furniture, and gaming implements—
wheel of fortune—were also damaged, injured and depreciated
in value, to the extent of eight hundred and fifteen dollars."

It is urged that gaming, under the laws of this State, is con-
trary to and inhibited by the penal statutes, and that the de-

struction of or injury to implements of that character, or used for that purpose, would not support an action for damages.

There was no averment in the answer, nor was there any proof, that the property was kept or used for the purpose of gaming, though the exception contained in the replication, or first supplemental petitio nof plaintiff, seems to be predicated upon the theory that there was. We have been referred to no case identical in its facts with the case before us. But we think the principle upon which it rests has been elaborately discussed, and considered with great care, in many of the American cases.

It may be assumed as undisputed doctrine that no action will lie to recover a claim for damages if, to establish it, the plaintiff requires aid from an illegal transaction, or is under the necessity of showing or in any manner depending upon an illegal act to which he is a party. (Welch v. Wesson, 6 Gray, 505.)

In the case of McGrath v. Merwein (112 Mass., 467), cited by appellant, the plaintiff was at the time of the alleged injury, voluntarily engaged in an illegal act, and which contributed to his injury or damage, and was inseparably connected with it. Myers v. Meinrath (101 Mass., 366), was a suit to enforce the performance of an illegal contract, the illegality of which precluded a recovery. Hamilton v. City of Boston (117 Mass., 64), was a suit to recover damages for personal injuries occurring while plaintiff was traveling on the Lord's day, and it was shown that the journey was not one of charity or necessity, and no recovery was allowed. Kitchen v. Greenbaum (61 Mo., 110), was a suit by the plaintiff to recover six hundred dollars which a lottery ticket held by him had drawn, and which ticket defendant fraudulently induced him to transfer, concealing from plaintiff the fact that it had drawn such prize. The sale of such tickets was denounced by the laws of Missouri, and it was held that he could not recover.

In all of the cases where a recovery of damages for some injury has been denied, upon the ground of vice or illegality in the plaintiff's cause of action, it is upon the principle that the wrong of the plaintiff must have been some act or conduct having the relation to that injury of a cause to the effect produced by it. (Sutton v. Wannatosa, 20 Wis., 26.)

In those cases where it is shown that, at the time of the injury, the plaintiff was engaged in the denounced or illegal act,

the rule is, if the illegal act contributed to the injury he can not recover; but if plaintiff's act did not contribute to the injury, the fact alone, that at the time he was engaged in an act in violation of law, will not of itself preclude a recovery.

In the case before us there was no allegation or proof of any character tending to show that, at the time of the injury, plaintiff did any act contributing or having any relation to it, or that the property was then being used for illegal purposes. We think the first and second assignments of error are not well taken.

It is assigned as error that the verdict is excessive. The verdict rendered was for seven hundred and fifteen dollars, and it was reduced by a remittitur to four hundred and seventy-five dollars. A reasonable construction of the plaintiff's own evidence as to the value of the property demonstrates the fact that the verdict is excessive. He testified that the value of the wall paper destroyed or injured was seventy-five dollars, that the value of the carpet was two hundred dollars, and the value of the wheel of fortune (if it was shown to have any) was two hundred dollars. This would make a total of four hundred and seventy-five dollars, and it was established by his own evidence also that it was in his power to have saved thirty dollars of that sum, as he was offered that amount for the damaged carpet. Deducting, then, the thirty dollars from the total value, four hundred and seventy-five dollars, as estimated by him, it would reduce the amount of damage to four hundred and forty-five dollars.

We think, in view of the testimony as to the value of the property, that the verdict is excessive, and for this reason we are of opinion that the cause should be reversed and remanded.

*Reversed and remanded.*

Opinion adopted November 7, 1885.

STAYTON,
*Chief Justice.*