**WHITE STORES, INC., Appellant,**

v.

**O. P. CRAIN et ux., Appellees.**

**No. 12175.**

Court of Civil Appeals of Texas, Austin.

Oct. 30, 1974.

E. B. Fuller, Austin, for appellant.

**678**

John A. Dennis, Legal Aid & Defender Society of Travis County, Austin, for appellees.

SHANNON, Justice.

Appellant, White Stores, Inc., sued appellees, O. P. Crain and Mary Crain, on a sworn account in the county court at law of Travis County. In their trial pleading, appellees filed a cross-action for statutory penalties and attorney's fees claiming that appellant violated certain provisions of the "Consumer Credit" laws, Vernon's Tex. Civ.Stat.Ann. art. 5069–2.01 et seq. Upon trial to the court, judgment was entered for appellees for $1,639.36.

Appellant filed its brief in this Court complaining of the judgment by four points of error. Appellees' brief contained five "counterpoints," though a reading of those "counterpoints" shows that three are cross points, each of which complains of some aspect of the judgment.

During oral argument, appellant's attorney moved that this Court dismiss the appeal, and on the day following, he filed a written motion to that effect. As an appellant may dismiss its appeal at its cost, we will grant appellant's motion and dismiss its appeal. Texas Portland Cement Company v. Lumparoff, 204 S.W. 366 (Tex.Civ.App.1918, no writ).

There is authority, however, that the appellant's dismissal of its appeal will not deprive appellees of their right to be heard on their cross points. Foley v. Houston Belt and Terminal Ry. Co., 50 Tex.Civ.App. 218, 108 S.W. 169 (1908, no writ), Tucker, Preliminary Motions in the Appellate Court, in State Bar of Texas, Appellate Procedure in Texas, § 15.2[2][c] (1964).

Appellees' cross points will be overruled for the following reasons. This Court will consider appellees' cross points even though appellees have not perfected an appeal. Dallas Electric Supply Compa-

ny v. Branum Company, 143 Tex. 366, 185 S.W.2d 427 (1945). However, to be entitled to appellate review of errors raised by cross points, appellees must have apprised the trial court in some manner of its complaints or objections to the judgment. West Texas Utilities Company v. Irvin, 336 S.W.2d 609 (Tex.1960); Texas Oil & Gas Corporation v. Vela, 429 S.W.2d 866 (Tex.1968); Maloney v. Strain, 410 S.W. 2d 650 (Tex.Civ.App.1966, no writ). In the instant case, appellees did not except to the judgment, give notice of appeal, or in any manner give notice to the court of their dissatisfaction with the judgment. Accordingly, appellees' cross points are overruled.

Appellant's appeal is dismissed, and the judgment is affirmed insofar as attacked by appellees' cross points.

Affirmed.