**BROWNSTONE PARK LTD., Appellant,**

v.

**SOUTHERN UNION GAS COMPANY, Appellee.**

**No. 12374.**

Court of Civil Appeals of Texas, Austin.

March 10, 1976.

Rehearing Denied May 19, 1976.

William T. Hall, Stayton, Maloney, Hearne & Babb, Austin, for appellant.

Guy C. Fisher, Barry K. Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant, the plaintiff below, brought this action for $11,927.80 in damages for the destruction of a gas-fired steam boiler located at its apartment complex in Austin.

Appellant alleged that appellee Southern Union Gas Company entered into a written service contract with appellant by which appellee contracted to service and maintain the air conditioning and heating plant and system at the apartment complex. On October 27, 1972, the gas-fired steam boiler located in the boiler room at the apartment complex was destroyed.

Appellant alleged that the destruction of the boiler was proximately caused by several negligent acts and omissions of appellee's employees. Appellant also pleaded that the boiler was under the management and control of appellee and that the destruction of the boiler would not have occurred but for the negligence of appellee.

Appellee pleaded that the destruction of the boiler was the result of several negli-

gent acts on the part of appellant. Appellee also alleged negligence on the part of Hartford Steam Boiler Inspection and Insurance Company, who appellee joined as a third party defendant. Hartford's defenses are not material to this opinion.

As is permitted, the district court submitted the negligence of the parties generally. The jury found that appellee was negligent and that its negligence was a proximate cause of the destruction of the boiler, that appellant was contributorily negligent and that its negligence was a proximate cause of the destruction of the boiler, and that appellant's damages totaled $5,755.92. Hartford was found not negligent.

Based on the jury findings, the court entered judgment that appellant take nothing by its suit. We will reverse the judgment of the trial court and remand the cause for a new trial.

Appellant presents points of error contending that there was no evidence or insufficient evidence to support the jury findings of appellant's negligence and proximate cause.

This case is before us on a lengthy statement of facts. Both appellant and appellee pleaded a variety of theories of negligence they claim resulted in destruction of the boiler. The evidence in support of these theories is circumstantial. The jury's answers were in response to general submissions of negligence and proximate cause.

■ In a tort case a party seeking to establish liability bears the burden of producing evidence of both negligence and proximate cause. A finding of proximate cause cannot be sustained unless there is proof of both cause in fact and foreseeability. *Enloe v. Barfield*, 422 S.W.2d 905 (Tex. 1967).

■ Without special issue findings of particular acts of negligence and proximate cause, we must apply appellant's no evidence and insufficient evidence points of error to each act of negligence pleaded by appellee. In considering "no evidence" points, we will view the evidence in its most favorable light in support of the findings of fact, considering only the evidence and the inferences which support the findings and rejecting the evidence and the inferences which are contrary to the findings. In considering the "insufficient evidence" points of error, we will review all the evidence. Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361, 363 (1960).

■ Appellee pleaded that appellant's failure to replace the feed water pump was negligence. However, we find no evidence that the pump did not function properly between October 23 and October 27. To conclude that there is evidence of a malfunction, we would have to first infer that the feed water pump failed and from this inference proceed to another inference that the failure caused the damage to the boiler. Thus we would be piling inference upon inference which is unacceptable. *Briones v. Levine's Department Store, Inc.*, 446 S.W.2d 7, 10 (Tex.1969), 23 Tex.Jur.2d *Evidence* § 69 (1961). Consequently, there is no evidence to support a finding that this omission, if negligence, was a proximate cause of the boiler loss.

■ Appellee pleaded further that appellant failed to keep the door to the boiler room locked at all times to prevent unauthorized tampering with the equipment. Appellee adduced testimony that on isolated occasions prior to October 23, its servicemen had found the door to the boiler room unlocked, and that on other occasions they had seen tools stored in the boiler room. However, no evidence was introduced that the door was unlocked or that anyone entered the boiler room between the time appellee's serviceman left on October 23, and the time the boiler was found burned on October 27.

■ Appellee did not plead that the allowance of an accumulation of scale deposits was negligence. Therefore, this could not have been a basis for the jury's answer to the special issue.

■ Finally, appellee pleaded that appellant utilized a boiler designed with a valve gate beneath the low water cut-off device,

and that such design was negligent, and that this negligence was a proximate cause of the boiler fire.

Testimony adduced by appellee at trial did establish that the design of the boiler could have been made safer by eliminating the valve beneath the low water cut-off device, thereby eliminating the possibility that someone might negligently leave the valve in a closed position. Boiler inspectors Hildman, Pharr, and Parker all testified that they would not recommend the design, but that the design was not unsafe or a high risk if operated with reasonable care by trained personnel.

It is undisputed that appellant executed a written contract with appellee under which appellee was to have sole responsibility for servicing and maintaining the boiler, and that appellee furnished trained, experienced servicemen for this purpose. The testimony fails to support the conclusion that the boiler, designed as it was, could not be safely operated, nor does the record contain any evidence that appellant should have foreseen any possible negligence of the skilled servicemen supplied by appellee. We hold that under the facts of this case, the evidence is factually insufficient to support a finding that appellant's possession of a boiler with the valve design in question was negligent.

Appellee brings cross-points complaining, on the basis of no evidence and insufficient evidence, of jury findings of negligence and proximate cause against it, and complaining that the jury finding of no negligence on the part of Hartford Steam Boiler Insurance Company was contrary to the great weight and preponderance of the evidence. We find no prejudgment motion or motion for new trial by appellee in the record; consequently, in the absence of any complaint to the trial court by appellee concerning the jury findings or the judgment, we will not consider appellee's cross-points. *West Texas Utilities Company v. Irvin*, 161 Tex. 5, 336 S.W.2d 609 (1960); *Texas Oil and Gas Corporation v. Vela*, 429 S.W.2d 866 (Tex.1968); *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960); *White Stores,*

*Inc. v. Crain*, 515 S.W.2d 677 (Tex.Civ.App. 1974, no writ); *Appealing Jury Findings*, 12 Hous.L.Rev. 82–86 (1974); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361, 362, 365 (1960).

The judgment is reversed and the cause is remanded for a new trial.

Because this cause will be remanded for a new trial, we do not reach appellant's point of error five, concerning the amount of damages found by the jury.

## ON MOTION FOR REHEARING

On Motion for Rehearing appellee correctly contends that this Court erred in not considering its cross-points because appellee did not file a motion for new trial or complain of the jury findings or judgment in the trial court.

Rule 324, Texas Rules of Civil Procedure, requires such complaint only when a party objects to the judgment. Since the judgment was favorable to appellee, it had no reason to object. See O'Connor, *Appealing Jury Findings*, 12 Hous.L.Rev. 65, 83–84 (1974).

Appellee's first cross-point is that there was either no evidence or insufficient evidence to support the jury's finding of negligence against it. We overrule this point and hold that there was sufficient evidence that appellee's service man left the valve beneath the low water fuel cut-off closed. There is no evidence that anyone other than appellee's service man was in the boiler room during the time interval in question. The evidence is uncontradicted that he manipulated the value in question several times on that occasion, and the jury could well have resolved the fact issue of whether he left the valve open or closed against the appellee. In the alternative, the jury could have found appellee negligent in failing to maintain the boiler alarm system as was required by its service contract with Brownstone Park. Appellee's employee testified that had an adequate alarm been installed and left in operation, a service crew from Southern Union could have responded in time to prevent the destruction of the boiler by overheating.

Appellee's second cross-point complains that the jury finding exonerating Hartford Insurance Company was contrary to the great weight and preponderance of the evidence. We also overrule this point as we are at a loss to understand what duty Hartford owed to Southern Union Gas Company, or even to Brownstone Park. Its voluntary inspection of the boiler was for the purpose of determining its insurability and, as such, was for the benefit of Hartford only. Although the Hartford inspector was commissioned by the State and filed a report to the State Boiler Commission, he had no authority as an agent of Hartford to compel Brownstone to comply with any particular standard. Any authority he had was as an agent for the State and any duty he owed was to the State, not to Southern Union Gas.

Finally, appellee contends that the take nothing judgment against Brownstone should be affirmed because Brownstone was guilty of negligence *per se* in owning a boiler not in compliance with the requirements of the State Boiler Code.

The rule of negligence *per se* is found in *Southern Pacific Co. v. Castro*, 493 S.W.2d 491 (Tex.1973), which approves of the definition set out in *Restatement (Second) of Torts* § 288(B) (1965). The unexcused violation of a legislative enactment or an administrative regulation which is adopted by the court as defining the standard of conduct of a reasonable man is negligence in itself. Thus for one to prove negligence *per se*, he must prove (1) a violation of the penal standard, and (2) a violation which is unexcused.

However, it is also clear that whether the violation of a criminal statute may also be the basis of civil liability in a given case in the absence of an express provision therefor, depends upon whether the plaintiff is within the class for whose protection the statute was passed, and the injury is of the nature the statute was intended to prevent. *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587 (1947); *Texas & Pacific Ry. Co.*

*v. Baker*, 215 S.W. 556 (Tex.Comm'n App. 1919, jdgmt. adopted), 40 Tex.Jur.2d *Negligence* § 11–15 (1962), *Restatement (Second) of Torts* § 286 (1965).

The purpose of the Texas Boiler Law Rules and Regulations is a matter of statutory interpretation. We must consider the harm the statute was intended to prevent and the interests it sought to protect. We regard as the purpose of the Code the protection of the lives and property of the inhabitants of the building containing a boiler, or of those persons lawfully within the building. We doubt that the legislature or the Boiler Commissioner promulgated the regulation cited by appellee for the purpose of absolving from liability those who contract to service boilers, and who, through their own negligence, damage them. Consequently, we cannot hold that, as a matter of law, the trial court erred in not holding appellant Brownstone Park negligent *per se*.

We grant that part of the motion which concerns the consideration of appellee's cross-points. In all other things, the motion for rehearing is overruled.