Opinion issued March 19, 2010
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00624-CV




IN RE ARAMCO SERVICES COMPANY, Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION







          By a petition for writ of mandamus, relator, Aramco Services Company
(“Aramco”), challenges three orders of the trial court concerning arbitration.


 
Aramco contends that the trial court abused its discretion by (1) appointing arbitrators
(2) who are not Muslims or Saudi nationals. We agree that the trial court lacked
authority to appoint arbitrators, and therefore do not reach whether the trial court
abused its discretion by empaneling arbitrators who are not Muslims or Saudi
nationals. Thus, we vacate the trial court’s three orders and conditionally grant
mandamus relief. 
Background

          Real party in interest, DynCorp International, LLC (“DynCorp”), and Aramco 
signed a contract (“the Contract”) for an advanced computer system.


 Under the
Contract, DynCorp was to manufacture the computer system in the United States and
then install it at Aramco’s facilities in Saudi Arabia. The Contract contains an
arbitration agreement, written in English, which provides, in part,
1.       Choice of Law
 
The laws of Saudi Arabia shall control the interpretation and the
performance of this Contract and any other agreements arising out
of or relating to it, regardless of where this Contract shall be
entered into or performed.
 
2.       Arbitration
 
Any dispute, controversy or claim arising out of or relating to this
Contract . . . which is not settled by agreement between the parties
shall be finally settled in accord with the Arbitration Regulations,
Council of Ministers Decision No. 164, dated 21 Jumada II 1403
(“the Regulations”) and the Rules For Implementation of the 
Arbitration Regulations effective as of 10 Shawal 1405 (“the
Rules”) and any amendments to either then in force, by one or
more arbitrators appointed in accordance with the Regulations,
the Rules and this Contract.
 
          2.1     Arbitration by One Arbitrator
 
If the parties agree to a one-arbitrator arbitration, the
parties shall agree upon and appoint an arbitrator, after first
ascertaining that the appointee consents to act, within thirty
(30) days from the date on which written notice of referral
to arbitration by one party is received by the other party
(the “notice date”).
 
          2.2     Arbitration by Three Arbitrators
 
If the parties are unable to agree on a one-arbitrator
arbitration, or, having so agreed, are unable to agree on the
arbitrator within thirty (30) days from the notice date, then
the arbitration shall be conducted by and before three
arbitrators, who shall be appointed as follows. Each party
shall appoint one arbitrator, after first ascertaining that the
appointee consents to act, and notify the other party in
writing of the appointment withing sixty (60) days from the
notice date. The appointed arbitrators shall agree upon and
appoint the third arbitrator, after first ascertaining that the
appointee consents to act, and notify the parties in writing
of the appointment within ninety (90) days from the notice
date.
 
          2.3     Arbitrator Qualifications
 
The arbitrator(s) selected shall be impartial, and shall have
had no interest in or previous connection with the matters
in dispute. Neither past or present employees or directors
of either party, legal counsel retained by either party, nor
persons related to these persons shall be selected as
arbitrators.
 
          2.4     Arbitration Procedures
 
The parties shall agree upon the rules of procedure which
shall govern the arbitration proceedings. If the parties are
unable to agree upon the applicable rules of procedure, the
arbitrators shall by majority vote establish the applicable
rules of procedure. 
 
          2.5     Arbitrators Not Conciliators
 
The parties hereby explicitly consent to the appointment of
arbitrators in accordance with the Regulations and Rules
and this Contract. . . .
. . . .
 
          2.9     Finality
 
This arbitration provision shall be specifically enforceable
by both parties under the Regulations and Rules, and the
award of the arbitrators shall be final and binding upon the
parties.
 
          The Arbitration Regulations (“the Regulations”), referenced repeatedly in the
Contract, are written in Arabic, and they provide, in part:
          Article 8
The Secretariat of the Authority originally competent to hear the dispute
shall be in charge of all the summons and notices provided for in this
Decree.
. . . .
 
Article 10
 
If the parties have not appointed the arbitrators, or if either of them fails
to appoint his arbitrator(s) . . . and there is no special agreement between
the parties, the Authority originally competent to hear the dispute shall
appoint the required arbitrators upon request of the party who is
interested in expediting the arbitration, in the presence of the other
party or in his absence after being summoned to a meeting to be held for
this purpose. The Authority shall appoint as many arbitrators as are
necessary to complete the total number of arbitrators agreed to by the
parties; the decision taken in this respect shall be final.


 
 
(Emphasis added.) 
          The Rules for Implementation of the Arbitration Regulations (“the Rules”),
also referenced repeatedly in the Contract, are written in Arabic, and they provide, in
part:
Article 3
 
The Arbitrator must be a Saudi national or a Moslem foreigner chosen
amongst the members of the liberal professions or other persons. He
may also be chosen amongst state officials after agreement of the
authority on which he depends. Should there be several arbitrators, the
Chairman must know the Shari’a, commercial laws and the customs in
force in the Kingdom.
. . . .
 
Article 12
 
The notice must be in Arabic. . . .
 
. . . .
 
Article 25
 
Arabic is the official language and must be used for all oral or written
submissions to the arbitral tribunal. The arbitrators as well as any other
persons present shall only speak in Arabic and a foreigner unable to do
so must be accompanied by a sworn translator who shall sign with him
the record of his oral arguments in the minutes. 
. . . .
 
Article 39
 
The award is made by the arbitrators who are only bound to comply with
the rules of procedure contained in the Arbitration Act and its
Implementation Rules [i.e., the “Rules” and “Regulations”]. The award
must comply with the provisions of the Shari’a and the laws in force. 
  
          DynCorp sued Aramco in Houston, Texas, asserting entitlement to certain
funds in a letter of credit opened pursuant to the Contract. On March 25, 2008,
Aramco moved to compel arbitration, which the trial court granted on November 13,
2008. Subsequently, DynCorp filed its own motion to compel arbitration. 
Specifically, Dyncorp sought arbitration before JAMS or the American Arbitration
Association (“AAA”). The trial court granted DynCorp’s motion in part and denied
it in part in an order dated April 16, 2009. The order provides, in part:
[T]he Court determines that the motion should be granted in part as
follows:
 
1.       On November 13, 2008, this Court ordered the Plaintiff to submit
its claims in this lawsuit to arbitration in accordance with the
arbitration provision in the contract at issue in this case.
 
2.       The Arbitration provision in the contract provides generally that
disputes arising out of or relating to the Contract shall be finally
settled in accord with the Arbitration Regulations . . . (“the
Regulations”) and the Rules For Implementation of the
Arbitration Regulations . . . (“the Rules”) and any amendments to
either then in force, by one or more arbitrators appointed in
accordance with the Regulations, the Rules and this Contract.
 
3.       More specifically thereafter, the Contract provides that, in the
absence of an agreement to a one-arbitrator arbitration, “[e]ach
party shall appoint one arbitrator . . . and notify the other party in
writing of the appointment within sixty (60) days from the notice
date—that is, the date on which written notice of referral to
arbitration by one party is received by the other party.”
 
4.       Under any computation of the “notice date,” whether Defendant’s
March, 2008 motion to compel arbitration; this Court’s
November, 2008, order granting that motion; or Plaintiff’s pre-December, 2008, Demand for Arbitration. More than sixty days
have elapsed from the notice date.
 
5.       Defendant has not appointed an arbitrator. Although Plaintiff has
notified Defendant of its desire to arbitrate with neutrals
associated with JAMS, Plaintiff has not appointed an arbitrator.
 
6.       Thus, the Contract refers to the Regulations, Rules and the
Contract for appointment of arbitrators.
 
7.       Article 10 of the Regulations provides that if the disputants fail
to appoint the arbiters . . . “the authority originally responsible for
looking into the case shall appoint the necessary arbiters in
response to a request by the party who is interested in expediting
the procedure and the arbitration. . . .”
 
8.       If necessary for this Order, the Court specifically determines that
this Court is “the authority originally responsible for looking into
the case.” The parties have each acknowledged this Court’s
authority by request of this Court, through competing motions to
compel arbitration, for Order regarding arbitration. 
 
Thus, granting, in part, the motion of Plaintiff and in enforcement of this
Court’s prior order, the Court compels arbitration and orders each party
to submit, no later than May 18, 2009, the name, address, and
qualifications of one or more arbitrators who consent to act as arbitrators
in this matter. Absent agreement of the parties, this Court will consider
appointment of arbitrators on the Court’s June 15, 2009 submission
docket. A party’s failure to submit one or more proposed arbitrators will
be treated by this Court as a waiver of that party’s right to complain of
the Court’s selection of arbitrators.
 
Further, Plaintiff’s motion to compel, to the extent it asks this Court to
determine any procedure for the conduct of the arbitration (language,
venue, etc.), the motion is denied, as the Contract does not provide this
Court with the authority to resolve the arbitration procedure disputes.
 
          Aramco filed a motion to clarify and for reconsideration of the trial court’s
April 16, 2009 order. The motion for clarification and reconsideration contained the
affidavit of Mohammed Al-Sheikh, an attorney practicing in Riyadh, Saudi Arabia
with an expertise in Saudi Arabian law. The affidavit provides, in part,
The paramount body of law in The Kingdom of Saudi Arabia is the
Shari’ah. The Shari’ah is comprised of a collection of fundamental
principles derived from a number of different sources, which include the
Holy Qu’ran and the Sunnah.
. . . .
 
The legal regime in The Kingdom of Saudi Arabia includes Sharia’ah
principles that are often expressed in general terms, providing a Saudi
Arabian adjudicatory body with considerable discretion as to how to
apply such principles. Previous decisions of Saudi Arabian adjudicatory
bodies are not considered to establish a binding precedent for the
decision of later cases; the principle of stare decisis is not accepted in
The Kingdom of Saudi Arabia. In addition, decisions of various Saudi
Arabian adjudicatory bodies are not generally or consistently indexed
and collected in a central place or made publicly available. 
. . . .
 
For the reasons set forth below, Saudi Arabian law, including its
Arbitration Law, contemplates that the authority originally competent to
hear the dispute is a Saudi Arabian court.
. . . .
 
Council of Ministers Decision No. 221, dated 6 Ramadan 1423
(corresponding to 11 November 2002) grants to Board of Grievances
jurisdiction over any Saudi Aramco commercial disputes (including
arbitration). . . . Thus, in my opinion, the Saudi Board of Grievances is
the authority originally competent to hear this dispute. . . .
 
          The trial court denied Aramco’s motion for clarification and reconsideration
on June 2, 2009. Aramco complied with the April 16, 2009 order by designating Dr.
Sherif Hassan, a Muslim, as an arbitrator. DynCorp proposed Ted Akin, Levi Benton,
and Trey Bergman, all non-Muslims, as arbitrators. Aramco filed an objection to
DynCorp’s designation of arbitrators on grounds that the arbitrators proposed by
DynCorp were unqualified to serve under the Regulations and Rules because they
were neither Muslims nor Saudi nationals. On June 22, 2009, the trial court signed
an order that overruled Aramco’s objections and appointed Dr. Sherif Hassan, Ted
Akin, and Trey Bergman as arbitrators. 
Standard of Review
The mandamus relief here sought is available only when a trial court “reaches
a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error
of law” and there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding) (citing Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). The reviewing court may not
substitute its judgment for that of the trial court when reviewing factual issues. Id.
at 839–40. Even if the reviewing court would have decided the issue differently, it
cannot disturb the trial court’s decision unless the decision is shown to be arbitrary
and unreasonable. Id. at 840. Mandamus relief is proper when a trial court
improperly designates an arbitrator. See In re La. Pac. Corp., 972 S.W.2d 63, 65
(Tex. 1998). 
The Arbitration Agreement Aramco contends that the trial court should not have designated itself as the
“Authority” referenced in Article 10 of the Regulations. Specifically, Aramco asserts
that “[b]ecause the term ‘Authority’ is not expressly defined in the Regulations, resort
to other Saudi law is necessary to determine its meaning.” Aramco states that the
term “Authority” is referenced in the Regulations and Rules in a context that does not
anticipate application to the trial court. Aramco also asserts that the trial court should
have relied on, but instead disregarded, Mohammed Al-Sheikh’s affidavit stating that
the Authority is the Saudi Board of Grievances. Finally, Aramco contends that the
trial court could not designate arbitrators because neither party had requested it to do
so. DynCorp responds that the trial court properly determined that it was the
“Authority” referenced in Article 10, that DynCorp had, in fact, requested the trial
court to designate arbitrators in its motion to compel arbitration before JAMS and the
AAA, and that Texas procedural laws should apply to the Contract. DynCorp also
contends that the Contract is ambiguous and therefore improper for mandamus
review.  
          “Arbitration agreements are interpreted under traditional contract principles.” 
J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003). “In construing a
written contract, the primary concern of the court is to ascertain the true intentions of
the parties as expressed in the instrument.” Coker v. Coker, 650 S.W.2d 391, 393
(Tex. 1983). “To achieve this objective, courts should examine and consider the
entire writing in an effort to harmonize and give effect to all the provisions of the
contract so that none will be rendered meaningless.” Id. (emphasis supplied). “No
single provision taken alone will be given controlling effect; rather, all the provisions
must be considered with reference to the whole instrument.” Id. “Texas courts
generally apply Texas procedural law even while applying the parties’ contractual
choice of law for substantive matters.” Nexen, Inc. v. Gulf Interstate Eng’g Co., 224
S.W.3d 412, 417 (Tex. App.—Houston [1st Dist.] 2006, no pet.). “When the only
evidence before the court is the uncontroverted opinions of a foreign law expert, a
court generally will accept those opinions as true as long as they are reasonable and
consistent with the text of the law.” Ahumada v. Dow Chemical Co., 992 S.W.2d
555, 559 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). 
          The determination of whether a contract is ambiguous is a question of law for
the court to decide by examining the contract as a whole in light of the circumstances
present when the contract was entered. Universal Health Servs. v. Renaissance
Womens Group, 121 S.W.3d 742, 746 (Tex. 2003). If contract language can be given
a certain or definite meaning, then it is not ambiguous and should be interpreted by
the court as a matter of law. DeWitt County Elec. Coop. v. Parks, 1 S.W.3d 96, 100
(Tex. 1999). On the other hand, a contract is ambiguous when it is susceptible to
more than one reasonable interpretation. Frost Nat'l Bank v. L & F Distribs., 165
S.W.3d 310, 312 (Tex. 2005). Lack of clarity does not create an ambiguity, and “not
every difference in the interpretation of a contract . . . amounts to ambiguity.” 
Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 134 (Tex. 1994). “Whether a contract
is ambiguous is a question of law, subject to de novo review.” Bowden v. Phillips
Petroleum Co., 247 S.W.3d 690, 705 (Tex. 2008). A court should construe an
unambiguous contract according to the plain meaning of its express wording. Lyons
v. Montgomery, 701 S.W.2d 641, 643 (Tex. 1985). 
          Here, “no party . . . interested in expediting the arbitration” requested that the
trial court appoint arbitrators under Article 10 of the Regulations. Even if the request
contemplated by Article 10 had been presented to the trial court, the trial court is not
the “Authority” empowered to appoint arbitrators. For example, Article 8 of the
Regulations provides that the “Secretariat” of the “Authority . . . shall be in charge
of all the summons and notices,” and Article 12 of the Rules specifies that notice
must be provided in Arabic. Article 9 of the Rules provides that the clerk of the
“Authority” will act as “secretary of the arbitral proceedings,” which Article 25
specifies are to be conducted in Arabic. Unrebutted expert testimony accepted into
evidence by the trial court suggested that the “Authority” had to be a court of Saudi
Arabia. In the face of such evidence and the plain provisions of the Contract, the
Rules, and the Regulations, the trial court erred when it concluded that it could act
as the “Authority.” In light of our conclusion that the trial court could not be the “Authority”
empowered to appoint arbitrators pursuant to the parties’ agreement, we do not reach
the question concerning the empanelment of non-Muslim arbitrators. 
 
 
          
Conclusion
The trial court improperly designated arbitrators in the instant matter. We
therefore conditionally grant the petition for writ of mandamus, and direct the trial
court to vacate its April 16, 2009, June 2, 2009, and June 22, 2009 orders. 
 
                                                                        Jim Sharp
                                                                        Justice
 
Panel consists of Justices Keyes, Sharp, and Massengale.