Ann D. PATTERSON, Appellant,

v.

MOBILOIL FEDERAL CREDIT UNION, Appellee.

No. 09–93–341 CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 10, 1994.

Decided Dec. 29, 1994.

---

Steve Johnson, Benckenstein & Oxford, Beaumont, for appellant.

Robert B. Dunham, Moore, Landrey, Garth & Jones, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

Mobiloil Federal Credit Union (Mobiloil) sued Ann D. Patterson, appellant, seeking a declaratory judgment that appellant has no rights to supplemental benefits under a retirement plan with Mobiloil. Appellant counterclaimed in the trial court alleging that Mobiloil failed to pay supplemental benefits arising from her relationship with Mobiloil and alleged herself to be entitled even though she was under the age of 55 at the time of termination of her employment. Mobiloil filed a motion for summary judgment in the trial court which was granted and a judgment was entered in favor of Mobiloil against appellant.

Appellant voluntarily terminated her employment relationship with Mobiloil on or about December 31, 1991. At that time, there existed a written employee retirement plan sponsored and administered by Mobiloil. Appellant elected to receive a lump sum cash distribution of $31,066.16 constituting the "entire value of [appellant's] vested benefits under the retirement plan." Appellant declined the option of monthly payments under an early retirement provision contained in the retirement plan.

In the trial court, appellant alleged that discrimination against her was proven by the fact that the credit union had paid supplemental benefits to one Frances Wilson who was under 55 years of age when she voluntarily terminated her employment. Mobiloil admitted having paid Frances Wilson benefits on the erroneous belief that she was over the age of 55 years. Mobiloil's position was that at the time of appellant's termination of employment, Patterson was not eligible for the supplemental benefits for which she filed suit in the trial court.

Appellant's only point of error alleges the trial court erred in granting the summary judgment.

Summary judgment may be granted by the trial court only if the movant establishes, as a matter of law, that no genuine issue of fact with respect to one or more of the essential elements of the non-movant's cause of action exists. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). We are obligated to determine if the summary judgment establishes there is no genuine issue of material fact. *Rodriguez v. Naylor Industries, Inc.*, 763 S.W.2d 411 (Tex.1989). We will take all evidence favorable to the non-movant as true and grant every reasonable inference in favor of the non-movant. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985).

In Patterson's first amended original answer and counterclaim which was her live pleading prior to summary judgment, she claimed, 1) being wrongfully denied supplemental benefits, 2) that payment of supplemental benefits to Frances Wilson, who was under the age of 55 years, gave rights to payment to Patterson, 3) that payment of supplemental benefits to one Ada Rose over the age of 55 years established the basis of discrimination based on age, 4) that Patterson elected to receive an amount less than that to which she was entitled because of alleged representations made by Mobiloil, and 5) that certain acts alleged violated the Employee Retirement Income Security Act, 29 U.S.C.A. § 1104(a) (West 1985 & Supp. 1994) requiring fiduciaries of a plan to discharge their duties with respect to the plan.

Initially we note that appellant's brief contends alternative theories of recovery; 1) that Mobiloil breached a duty to inform her of the existence of supplemental benefits and, 2) Mobiloil failed to adequately inform her of the existence of supplemental benefits which violated her contractual rights under the retirement plan. These contentions are not made by appellant in her counterclaim, therefore she is precluded from raising these matters before this Court. Tex.R.Civ.P. 166a(c), 301, Tex.R.App.P. 52(a).

Appellant's claims are two-fold. Patterson alleges entitlement to supplemental benefits per the retirement plan, or if entitlement is not found under the plan, then she has a right to recovery because of age discrimination. We note at the outset that age discrimination is not an actionable theory under a retirement plan because older workers receive a greater amount than younger workers. 29 U.S.C.A. § 623(f)(2)(B) (West Supp.1994). Patterson is also barred from alleged entitlement from supplemental benefits not contained in the formal written plan. 29 U.S.C.A. § 1102(a)(1) (West 1985) ("ERISA"). We also note that ERISA preempts appellant's State law claims. 29 U.S.C.A. § 1144(a).

Summary judgment evidence in the case before the trial court consisted of 1) affidavits by Dale Kimble and George Sladczyk, Jr., 2) Patterson's settlement election form, 3) Mobiloil's responses to interrogatories, 4) Mobiloil's responses to requests for production and, 5) Patterson's affidavit. The uncontroverted summary judgment evidence establishes that eligibility in the retirement plan is for employees 55 years of age or older at the time of termination. Patterson was not 55 years of age or older at her termination.

The affidavit of Dale Kimble, President of Mobiloil Federal Credit Union, established that Frances Wilson was mistakenly paid supplemental benefits and Mobiloil was unaware of the error until appellant's attorney informed Mobiloil that Ms. Wilson was in fact 53 years of age at the time of her termination of employment. He further stated that it was never the intention of Mobiloil to discriminate against Ann Patterson and that the policy of Mobiloil was to pay supplemental benefits for all members qualifying under the retirement plan. He further stated that appellant was not eligible for benefits and that Mobiloil had paid no other employees supplemental benefits under the age of 55 years. Appellant raises an objection to this affidavit based on Tex.R.Civ.P. 166a(c) stating that a summary judgment may be based on uncontroverted testimonial evidence of an interested witness only if the evidence is clear, positive, direct, free from contradictions and inconsistencies, and could have been readily controverted. Appellant contends that these requirements were not met by Mr. Kimble's affidavit. Contained within this same rule is the statement that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." We find no objection made by appellant to the affidavit offered as proof in support of the motion for summary judgment. The first time any complaint was made to the sufficiency of Mr. Kimble's affidavit was in appellant's motion to reconsider order granting summary judgment. Tex. R.Civ.P. 166a(f) provides that "[d]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." We find that appellant waived this complaint by not raising this point in a timely manner required by the rules. *Garcia v. John Hancock Variable Life Ins.,* 859 S.W.2d 427 (Tex. App.—San Antonio 1993, writ denied). In view of appellant filing no complaint of the Kimble affidavit prior to the entry of judgment, we cannot review that complaint now on appeal. We further find that Mr. Kimble's affidavit is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted by appellant.

Controverting summary judgment evidence was presented by the appellant in the form of her own affidavit. The affidavit reflects her conversation with 1) Ada Rose, a former co-worker who informed appellant that supplemental benefits were being paid to employees by Mobiloil and 2) Mr. Reagan Melanson, formerly a member of Mobiloil's

Board of Directors, who told her that it was his understanding that supplemental benefits would be paid to all employees employed at the time the benefit plan in question was in effect regardless of their termination or retirement. Mobiloil objected to the affidavit at the time of the summary judgment hearing on the basis that it was not based on personal knowledge but was inadmissible hearsay evidence. We find the affidavit of appellant was not proper summary judgment evidence because it did not set forth facts that would be admissible in evidence. *Cuellar v. City of San Antonio*, 821 S.W.2d 250 (Tex.App.—San Antonio 1991, writ denied). TEX.R.CIV.P. 166a(f). *Also see* TEX.R.CIV. EVID. 801. We further find that such statements were offered to establish the truth of the matter asserted and as such constituted hearsay evidence. We find there is no proof Mr. Reagan Melanson was an agent or servant of the credit union at the time the statement was made for the purposes of satisfying TEX.R.CIV.EVID. 801(e)(2) because appellant's affidavit states that she spoke with Mr. Melanson on May 31, 1993, and described him as formerly serving as a member of Mobiloil Board of Directors. This established that Mr. Melanson was not a member of the Board of Directors of Mobiloil at the time the statement was allegedly made.

Appellant refers the Court to TEX. R.CIV.EVID. 801(e)(2)(D) defining an admission by a party-opponent as "a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship." This statement by Mr. Melanson apparently was made outside the scope of his agency or employment and the statements if made at all were not made during the existence of the relationship in question. We therefore find that the statements of Mr. Melanson as a former member of the Board of Directors of Mobiloil do not constitute an admission by a party-opponent and therefore remain hearsay evidence which the trial court properly disregarded. We overrule appellant's point of error and find there was no genuine issue of material fact, therefore we affirm the summary judgment of the trial court.

AFFIRMED.