**Motion to Dismiss Denied, Affirmed and Majority and Dissenting Opinions filed December 19, 2019.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-18-00189-CV

---

**CONSOLIDATED HEALTHCARE SERVICES, LLC D/B/A A1 IMAGING CENTERS, Appellant**

**v.**

**MAINLAND SHOPPING CENTER, LTD., Appellee**

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2016-66745**

---

### DISSENTING OPINION

The issue in this appeal is whether a post-judgment motion that does not specifically request a substantive change in an existing judgment, but instead requests a written ruling on an evidentiary objection to preserve a complaint for appellate review, should nonetheless be liberally construed as a Texas Rule of Civil Procedure 329b(g) motion to modify the judgment. If we were to allow ourselves

the latitude to construe such a motion that does not specifically request a substantive change to the judgment to be a motion to modify because the trial court *might* change its ruling on the evidence and *might* sua sponte change its judgment, then that post-judgment filed would establish a 90-day deadline to file a notice of appeal under Texas Rule of Appellate Procedure 26.1(a)(2).

In this appeal, Consolidated filed its notice of appeal on March 9, 2018, more than 30 days after the final summary judgment was signed on November 27, 2017. *See* Tex. R. App. P. 26.1. The question of whether Consolidated's motion for reconsideration was a motion to modify ultimately establishes whether this court has jurisdiction over this appeal.[1] While I understand why the court would want to reach the merits rather than dismiss for lack of jurisdiction, determinations of jurisdiction over appeals should be clear. Thus, today the court effectively establishes that any post-judgment motion to reconsider an evidentiary ruling which could affect the judgment and is filed within plenary power is a motion to modify the judgment. Because I do not believe the Texas Supreme Court's holding in *Lane Bank Equipment Co. v. Smith Southern Equipment., Inc.* can be extended this far, I respectfully dissent. 10 S.W.3d 308, 314 (Tex. 2000).

Consolidated's motion for reconsideration was filed on December 21, 2017:

TO THE HONORABLE JUDGE:

CONSOLIDATED HEALTHCARE: SERVICES, LLC D/ B/A A1 IMAGING CENTERS, A DELAWARE LIMITED LIABILITY COMPANY, "Defendant," files its Motion for Reconsideration, respectfully showing the Court the following:

---

[1] On April 3, 2018, Mainland filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the December 21, 2017 "Motion for Reconsideration" was not a Texas Rule of Civil Procedure 329b(g) motion to modify, correct, or reform the judgment, which would have established a 90-day deadline to file the motion for appeal under Texas Rule of Appellate Procedure 26.1(a)(2). This motion was taken with the appeal. *See* Tex. R. App. P. 42.3(a) (involuntary dismissal in civil case on party's motion).

1. On October 9, 2017, the Court heard oral arguments on Plaintiff's Motion for Summary Judgment and Defendant's Response to Plaintiff's Motion for Summary Judgment. *Both of which are by reference incorporated herein verbatim.*

2. The Court ruled in favor of Plaintiff and signed an interlocutory order disposing of Plaintiff's claims for relief, but did not rule on Defendant's affirmative defenses, because Defendant's affirmative defenses were not raised in Plaintiff's Motion for Summary Judgment. *The Court's interlocutory Final Judgment is by reference incorporated herein verbatim.*

3. On November 27, 2017, the Court heard oral arguments on Plaintiff's Motion for Final Summary Judgment and Defendant's Response to Plaintiff's Motion for Final Summary Judgment.

4. On November 27, 2017, the Court entered its "Amended Final Judgment," which ruled in favor of Plaintiff on all matters, disposing of Plaintiff's claims and Defendant's affirmative defenses. On that date, the Court's rulings became final for appeal. *The Court's Amended Final Judgment is by reference incorporated herein verbatim.*

5. Defendant shows the Court Defendant's Response to Plaintiffs Motion for Summary Judgment included the following objection:

   a. "2. Defendant shows the Court the Plaintiff has created a fact issue. *Dillard's, Inc. v, Newman*, 299 SW3d 144, 148 (Tex. 1999). Plaintiff has submitting self-serving affidavits from interested witnesses as its sole evidence in support of its allegations. A fact-finder may believe all, some, or none of the assertions contained in Plaintiff's affidavits at trial. *Texas Pattern Jury Charge.*

   3. Further, Defendant objects to the Plaintiff's affidavits, because they are not easily controverted, and Defendant requests a ruling on its objection. *Patterson v. Mobiloil Fed. Credit Un.*, 890 SW2d 551, 554 (Tex.App.—Beaumont 1994, no writ)."

6. Defendant made a written request for a ruling on its objection, and a ruling is not contained in either of the Judgments entered by the Court, nor has there been an express ruling on Defendant's

3

objection, as required. *Wal-Mart Stores v. Reece*, 32 S.W.3d 339, 347–348 (Tex.App.—Waco 2000). ***Defendant now re-urges its objection and requests an oral hearing on this matter.***

WHEREFORE, PREMISES CONSIDERED, Defendant prays this matter be set for hearing and for all other relief it may be entitled to.

(Emphasis in paragraph 6 added).

Consolidated specifically requested an oral hearing in the trial court so it could receive an express ruling on its objection to Mainland's summary-judgment evidence. The "Motion for Reconsideration" is not a Rule 329b(g) motion to modify the final summary judgment. The "Motion for Reconsideration" is instead a request for a written ruling on Consolidated's evidentiary objection to preserve presentation of a complaint for appellate review. *See* Tex. R. App. 33.1(a); *see Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 165–66 (Tex. 2018) (per curiam) (citing *Dolcefino v. Randolph*, 19 S.W.3d 906, 927 (Tex. App.—Houston [14th Dist.] 2000, pet. denied), and quoting this court with approval) ("In any context, however, it is incumbent upon the party asserting objections to obtain a written ruling at, before, or very near the time the trial court rules on the motion for summary judgment or risk waiver.").

Here, the court cites the Seventh Court's dismissal order in *Torres v. Chauncey Mansell & Mueller Supply Company, Inc.* for the proposition that a "motion to modify judgment asking trial court to rule on objections to summary judgment evidence extended appellate deadlines." *See* No. 07-16-00016-CV, 2016 WL 944140 (Tex. App.—Amarillo Mar. 11, 2016, order) (per curiam), *disp. on merits*, 518 S.W.3d 481 (Tex. App.—Amarillo 2017, pet. denied). The interlocutory order in *Torres* cites this court's opinion in *Mann v. Kendall Home Builders Construction Partners I, LTD*, 464 S.W.3d 84, 90 (Tex. App.—Houston [14th Dist.] 2015, no pet.):

Nevertheless, the court in *Mann* acknowledged that the motion indicated "more than an inference that the movant wanted the sanctions incorporated in the judgment." *Id.* at 90. Furthermore, the proposed order contained verbiage asking that the movant "'have and recover *judgment* jointly and severally'" against Mann. *Id.* (emphasis in original). These circumstances led the court to hold the motion for sanctions as one to modify the judgment for purposes of extending appellate deadlines. *Id.*

We read *Mann* as focusing on whether the post judgment motion in question sought relief unencompassed by but sought to be included in the existing "judgment." Because the sanctions motion did just that, it was a motion to modify within the scope of Rule 26.1(a)(2).

*Torres*, 2016 WL 944140, at *2.

In the current case, the court summarizes *Torres* in the following parenthetical: "(concluding motion to modify judgment asking trial court to rule on objections to summary judgment evidence extended appellate deadlines)." What *Torres* actually held was more modest. In *Torres*, "[w]ritten into the Motion to Modify Judgment was a request for the trial court to 'modify its final judgment in this cause *to include* a written ruling on their objections to Plaintiff's summary judgment . . .' (Emphasis added)." *Id.*

It is not clear whether the Seventh Court's *Torres* decision meets the supreme court's test that a timely motion to modify qualifies to extend appellate deadlines when it seeks a "substantive change in an existing judgment." *Lane Bank Equip. Co.*, 10 S.W.3d at 314. What is clear is the court in this case is expanding the holding of *Torres* and our court's holding in *Mann*. Consolidated has not sought *any* change in the judgment.[2] What Consolidated sought was to preserve its complaint for appeal,

---

[2] The majority opinion states, "At a minimum, the motion can be construed as a request for inclusion of the evidentiary rulings in the judgment." While that may be true, Consolidated asked for a hearing, and had it received that hearing, it may have merely requested a written order on its evidentiary objection. Speculation on Consolidated's trial strategy should not be a basis for

5

which does not of necessity require a modification of the judgment.

If the court wishes to liberalize the rules regarding appellate jurisdiction to include any post-judgment request for a Texas Rule of Appellate Procedure 33.1(a)(2) evidentiary ruling as inherently being a motion to modify that seeks a "substantive change in an existing judgment," then the court should make that explicit holding. The cases the court cites do not support such a broad holding, so careful and experienced practitioners should proceed with caution.

Consolidated's "Motion for Reconsideration" neither explicitly requests a modification of the trial court's final summary judgment, not does it need to be construed to do so in order for Consolidated to receive the relief it requested: an oral hearing in the trial court resulting in an express ruling on its objection to Mainland's summary-judgment evidence for purposes of error preservation. The "Motion for Reconsideration" is not a Rule 329b(g) motion to modify the final summary judgment that establishes a 90-day deadline to file Consolidated's notice of appeal. The notice of appeal was filed on March 9, 2018, well after the 30-day deadline of December 27, 2017.

Concluding that we have no discretion to do anything other than grant Mainland's motion to dismiss the appeal for lack of jurisdiction, I respectfully dissent.


/s/      Charles A. Spain
         Justice

Panel consists of Justices Wise, Zimmerer, and Spain. (Spain, J., dissenting).

---

determining appellate jurisdiction.